UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

GEORGE CAPLAN on behalf of himself
and all others similarly situated,

                    Plaintiff,

       v.

AMERICAN AMICABLE LIFE
INSURANCE COMPANY OF TEXAS,
doing business as:
AMERICAN AMICABLE GROUP,

                    Defendant.

Case No.  6:26-cv-00176-LS

Honorable District Judge Leon Schydlower

JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

**1.      What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**PLAINTIFF'S RESPONSE:** Plaintiff brings this Class Action alleging violations of the Telephone Consumer Protection Act. Specifically, Plaintiff alleges violations of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c) on behalf of the National Do-Not-Call Registry Class, and violations of 47 U.S.C. 227(b) on behalf of the Prerecorded Call Class. Regarding 47 U.S.C. 227(c), Plaintiff must plead that his telephone number was on the National Do-Not-Call Registry for at least 31 days when he received more than one telemarketing call from or on behalf of Defendant within a 12-month period. He must further allege that his telephone number was his personal, residential number, and that he did not consent to receive calls from Defendant. Regarding 47 U.S.C. 227(b), Plaintiff must plead that Defendant, or a third party on its behalf, placed a call using artificial or pre-recorded messages to his cellular telephone number. He must further allege that the robocall was not made for emergency purposes and that he was not a customer of the Defendant.

1

**DEFENDANT'S RESPONSE:** The defenses are as follows:

· Failure to State a Claim: Rule 12(b)(6), *FRCP*.

· Consent: Prior express written consent is a defense to telephone calls that use an artificial or prerecorded voice.

· No Injury: Plaintiff suffered no legally cognizable injury or damages. Without an injury or damages, there can be no standing to maintain a judicial action.

· Equitable Defenses: Plaintiff's claims are barred by estoppel, waiver, and unclean hands.

· Statutory Exemptions: American-Amicable invokes applicable exemptions in 47 U.S.C. § 227 *et. seq.* and 47 C.F.R. § 64.1200.

· The Hobbs Act cannot be constitutionally applied to deprive American-Amicable of any defenses under TCPA or the rules or regulations promulgated thereunder. Specifically, the Court is not required to defer to the interpretation by the Federal Trade Commission of the TCPA or regulations promulgated under the TCPA.

· Class Relief Unavailable: Class relief is unavailable due to lack of ascertainable class members, common questions of law or fact, predominance of such questions over individual issues, and because Plaintiff is not an adequate class representative.

· Failure to Mitigate Damages: Plaintiff failed to take reasonable steps to mitigate his alleged actual damages. Any judgment for Plaintiff must be reduced by damages that could have been avoided.

· Calls Do Not Qualify: Plaintiff has the burden of establishing that the alleged call introduced an advertisement or constitutes telemarketing.

· Third-Party Responsibility: The alleged call was made by a third party over whom

American-Amicable had no control or agency relationship.

· Lack of Vicarious Liability: The Plaintiff cannot establish direct liability for the alleged call on the part of American-Amicable, nor can the Plaintiff establish actual authority, apparent authority, or ratification sufficient to impose vicarious liability.

· Due Process and First Amendment: Imposition of statutory damages would violate Constitutional protections.

· Eight Amendment:  Class wide relief would constitute an excessive fine or cruel and unusual punishment under the Eight Amendment of the U.S.  Constitution.

· Compliance with Law: American-Amicable complied with all applicable laws and regulations.

· Failure to Join Indispensable Parties: Plaintiff failed to join indispensable parties and therefore Plaintiff's claims must be dismissed.

· Statute of Limitations:  If an applicable statute of limitation has expired since the date of one or more calls that the Plaintiff contends violated the TCPA, then the claim is time-barred to the extent based on such call(s).

· FCC Authority: Claims based on FCC orders or regulations that exceed statutory authority are invalid.

· No Willful Violation: American-Amicable did not knowingly or willfully violate the TCPA.  Without a knowing or willful violation, the Plaintiff cannot have entitlement to the $1,500 per call enhanced penalty under the TCPA.

· Equitable Allocation and Set-Off: Any damages must be reduced based on the conduct of third parties or other responsible entities.  If the Plaintiff receives payment for damages from another person or entity for the same alleged call, American-Amicable

3

is entitled to a set off for that payment to avoid a double recovery for the Plaintiff.

There are no counterclaims in this case. Defendant reserves the right to seek leave of Court later in the case to assert counterclaims in the event a basis for counterclaims is identified during discovery.

**2.    Are there any outstanding jurisdictional issues?**

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227. No issues exist regarding personal jurisdiction or venue, as Defendant's principal place of business is in Waco, Texas.

**3.    Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Defendant has been served.

**4.    Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The Parties are not presently aware of any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action.

**5.    Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The Parties are not presently aware of any legal issues that can be narrowed by agreement.

**6.    Are there any issues about preservation of discoverable information?**

The Parties are aware of, and are taking reasonable steps to comply with, all evidence preservation obligations. There are no issues at this time.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Electronic documents shall be produced in the form of multi-page, bates-numbered PDF images together with load files.  All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available.  The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

**8.     What are the subjects on which discovery may be needed?**

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used

5

to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant, its third- party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by the Defendants, and Defendant's responses thereto.

Defendant anticipates seeking discovery on the following topics: (1) the timing and substance of the alleged telephone call, (2) the identity of the individuals or entities that may have initiated the alleged call, (3) the lack of any relationship between Defendant and the individuals or entities that may have initiated the alleged call, (4) whether Plaintiff consented to receive the alleged call, (5) any actual damages claimed by Plaintiff, and (6) whether Plaintiff is an adequate class representative.

**9.     Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree to serve their initial disclosures by May 20, 2026.

**10.    What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed. The Parties propose a discovery deadline, inclusive of expert discovery, of **90 days after the Court's ruling on Plaintiff's Motion for Class Certification**. Discovery need not be conducted in phases, or limited to certain issues.

**11.    What, if any, discovery disputes exist?**

At this early stage, no discovery disputes exist.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties do not anticipate a need for such proposed order at this time.

**13.     Have the parties discussed early mediation?**

Yes, the Parties are exploring the possibility of early mediation and propose that they shall complete private mediation in compliance with W.D. Tex. Civ. R. 88 by September 30, 2026.

**14.     Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties have agreed to meet and confer on a proposed confidentiality order, and anticipate filing the orders for the Court's consideration and approval if necessary.

*[Counsel signatures to follow on next page.]*

Date:  May 11, 2026

/s/ Raina C. Borrelli
Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

Date:  May 11, 2026

/s/ Hyung Chul Jung
Hyung Chul Jung
Cary A. Slobin
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone: (469) 484-6100
Facsimile: (469) 828-7217
dave.jung@nelsonmullins.com
cary.slobin@nelsonmullins.com

*Counsel for Defendant*